UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDEARO BURRELL,

     Plaintiff,

                                 Case No. 25-cv-13253

v.                                Hon. Matthew F. Leitman

THOMAS HENRY MAXON,

     Defendant.

_____/

### **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 5)**

In this case, Plaintiff Tedearo Burrell brings claims against "Thomas Henry Maxon,"[1] an employee of the U.S. Social Security Administration. (*See* Notice of Removal, ECF No. 2.)  Defendant removed the case to this Court under 28 U.S.C. § 1442 and 28 U.S.C. § 2679(d) "because the Attorney General, through his designee, . . . has certified that [Maxon] was acting within the scope of his employment at the time of the incident out of which this suit arose." (*Id.*, PageID.18-19.)  Burrell's action is therefore one "against or directed to . . . [t]he United States or any agency

---

[1] Burrell named "Thomas Henry Maxon / S.S. Ofc" as Defendant and listed a Social Security Administration office's address as Maxon's address. (*See* Notice of Removal, ECF No. 2, PageID.4.)  The Social Security Administration says it "has no record of an employee by that name (or a similar sounding name) in [that] SSA office" and assumes Burrell meant to name the Social Security Administration as Defendant. (Mot., ECF No. 5, PageID.4.)  The Court refers to the Defendant in this case as Defendant and presumes that Burrell meant to refer to an employee of the Social Security Administration and/or the SSA itself.

1

thereof or any officer (or any person acting under that officer) of the United States," 28 U.S.C. § 1442, and removal is proper under 28 U.S.C. § 1442(a)(1).

On November 26, 2025, Defendant filed a motion to dismiss the claims for lack of subject matter jurisdiction, in which he explained that Burrell's suit is effectively a suit against the Social Security Administration and suits brought against U.S. government agencies shall be dismissed unless the plaintiff can "identify a waiver of sovereign immunity." (*See* Mot., ECF No. 5, PageID.48 (quoting *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).)  Burrell did not respond to the motion.  Because Burrell has not met his burden to identify a waiver of sovereign immunity that would permit his suit, Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.  The Court **DISMISSES** Burrell's claims with prejudice.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 4, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager

2